IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIAN D. SIMMONS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO. 2:14-cv-857-WHA |
| ) | |
| TIGER EXPRESS ) | (WO) |
| TRANSPORTATION, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This cause is before the court on a Motion to Remand (Doc. # 3) filed on August 27, 2014, by the Plaintiffs: Brian D. Simmons, Krystal N. Simmons, Carrie D. McCarroll, Leonise E. Simmons, and Brian D. Simmons, Jr., by and through his mother and next of kin, Krystal N. Simmons ("Plaintiffs"). Defendant's Response and Objection to the Motion to Remand (Doc. # 5) was filed on September 17, 2014, and Plaintiffs filed an Objection ("Reply") (Doc. # 7) on September 24, 2014.

Plaintiffs filed their original state court Complaint on April 4, 2014, in the Circuit Court of Montgomery County, Alabama. It alleges claims for negligence, wantonness, negligent entrustment, respondeat superior and agency, and administrative presumption. Defendant timely answered the Complaint on May 5, 2014, but did not file its Notice of Removal until August 11, 2014. Defendant alleged it had grounds for removal only upon a settlement demand letter from Plaintiffs' counsel dated July 19, 2014.

For the reasons to be discussed, the Motion to Remand is due to be GRANTED.

## II. MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Exec. Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

Because this case was originally filed in state court and removed to federal court, the Defendants bear the burden of proving that federal jurisdiction exists. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

## III. FACTS

The Complaint alleges the following facts:

On or about November 10, 2012, Plaintiffs were all riding in a vehicle driven by Plaintiff Brian D. Simmons on Interstate 85 in Montgomery, Montgomery County, Alabama. Plaintiffs' vehicle was struck by a vehicle owned by Defendant. As a result of the collision, Plaintiffs sustained "significant and permanent physical injuries and disabilities."

## IV. DISCUSSION

"Except as otherwise expressly provided by Act of Congress," a defendant may remove from state court any civil case that could have originally been brought in federal court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C.

§ 1332. "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

### A. Diversity of Citizenship

For the most part, the parties have not disputed whether diversity of citizenship exists. According to Defendant's Notice of Removal, Defendant is a citizen of North Carolina, while all Plaintiffs are citizens of Alabama. Plaintiffs have not disputed their own citizenship. In their Reply, however, Plaintiffs allege that Defendant has failed to prove complete diversity because the "defendant-driver could be an Alabama citizen and ruin their alleged complete diversity" and "[o]nly the Defendant knows the name of the driver and could prove complete diversity." Doc. # 7 at 1. It is well established that the court's diversity jurisdiction is established at the time the notice of removal is filed. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). The relevant statutory language, 28 U.S.C. § 1441(b)(1), directs that for purposes of ascertaining removal jurisdiction "the citizenship of defendants sued under fictitious names shall be disregarded."

Some opinions in this district and others have held that when the fictitious defendant is an agent of the named defendant, and the named defendant is in a position to know his identity, the court shall consider the fictitious defendant's citizenship. *See Marshall v. CSX Transp. Co.*, 916 F. Supp. 1150, 1152–53 (M.D. Ala. 1995); *Brown v. TranSouth Fin. Corp.*, 897 F. Supp. 1398, 1401 (M.D. Ala. 1995); *Tompkins v. Lowe's Home Center, Inc.*, 847 F.Supp. 462, 464 (E.D. La. 1994); *Green v. Mutual of Omaha*, 550 F. Supp. 815, 818 (N.D. Cal.1982); *Wright v. Sterling Investors Life Ins. Co.*, 747 F. Supp. 653, 655 (N.D. Ala. 1990). However, this court has previously distinguished those cases from fact patterns such as the instant one and insisted on strict adherence to the statute. *See Howell v. Circuit City*, 330 F. Supp. 2d 1314, 1317–18 (M.D.

Ala. 2004) (Albritton, J.) ("These cases do not support the Plaintiff's argument. They either involve cases in which the Plaintiff was seeking to add a resident defendant by amendment (*Marshall, Brown, Wright*), or predate the 1988 amendment (*Green*), or incorrectly rely on pre–1988 law (*Tompkins*).").

In any event, this issue is not dispositive in this case, as the amount in controversy requirement has not been met for the reasons to be discussed below.  Therefore, the court will assume without deciding that the parties are completely diverse from one another.

### B.  Amount in Controversy

Plaintiffs' original Complaint expressly limits its prayer for damages to "no more than $75,000 per Plaintiff."  Despite this limitation, Defendant argues "additional factors" indicate the amount in controversy is satisfied.  As described further below, none of Defendant's arguments are persuasive, particularly because it must satisfy a higher burden than the one erroneously set out in its Response to the Motion to Remand.

The opinion in the *Burns* case, 31 F.3d 1092 (11th Cir. 1994) is both controlling and instructive in this case.  There, the plaintiff's complaint sought an award of "actual and punitive damages" that was "not more than [the amount in controversy threshold]." *Id.* at 1093.  Reasoning that the "plaintiff is still the master of his own claim" notwithstanding the defendant's right to remove in certain situations, and that removal statutes "are construed narrowly" such that "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand," the Eleventh Circuit ruled in *Burns* that to overcome a specific limitation in the demand for damages, the defendant must prove "to a legal certainty" that the amount of any recovery *must* exceed the jurisdictional minimum. *Id.* at 1095.  The court also found that plaintiff's claim as to the value of a case, "when it is specific and in a pleading signed by a

lawyer, deserves deference and a presumption of truth" because lawyers are officers of the court with a duty of candor to the tribunal. *Id.* The court further supported its holding by noting it was "consistent with case law and [the congressional] policy of limiting federal diversity jurisdiction." *Id.* at 1095–96.

The facts in *Burns* were almost identical to the facts in the instant case. Here, Plaintiffs expressly limited their demands to "no more than $75,000 per Plaintiff." Giving the Complaint "deference and a presumption of truth," as required by *Burns*, Defendants have a "heavy burden" and must prove "to a legal certainty" that any recovery must exceed $75,000.

Defendant argues the relevant standard for the amount in controversy is "whether the plaintiffs' recovery will more likely than not exceed the jurisdictional amount should they prevail in this case." Doc. # 5 at 2–3. That standard is incorrect here. Defendant cites *Davis v. Franklin Life Ins. Co.*, 71 F. Supp. 2d 1197, 1200 (M.D. Ala. 1999), to support this proposition. Critically, that opinion specified the preponderance standard only under certain conditions. It stated that the standard is preponderance of the evidence ("more likely than not") when the complaint demands an "unspecified amount of damages." *Id.* On the other hand, when the complaint includes a demand for a *specified* amount of damages, the defendant must prove "to a legal certainty" that any recovery by the plaintiff *must* exceed the amount of the demand. *See Sapp v. AT&T Corp.*, 215 F. Supp. 2d 1273, 1278 (M.D. Ala. 2002) (citing *Burns*) ("Where a plaintiff expressly limits the damages sought in a complaint to an amount less than the jurisdictional minimum, it is incumbent on the defendant . . . to prove to a legal certainty that, assuming the plaintiff establishes liability, the recovery must exceed $75,000."); *see also Hogans v. Reynolds*, No. 2:05-CV-350-FWO, 2005 WL 1514070, at *3 n.7 (M.D. Ala. June 24, 2005) (distinguishing the two standards).

Thus, consistent with *Burns*, the burden on Defendant is "a heavy one." 31 F.3d at 1095. For the reasons discussed below, Defendant has not proven "to a legal certainty" that any recovery by any Plaintiff in this case *must* exceed $75,000.

In an effort to meet its burden, Defendant advances the following arguments: 1) the possibility of punitive damages indicates a sufficient amount in controversy; 2) Plaintiffs have not filed affidavits or made "an affirmative representation to the Court" that they are not seeking over $75,000; and 3) Plaintiffs' settlement demand letter included a total demand of $148,000, which "established the amount in controversy being more than $75,000" (argued in the Notice of Removal). Doc. # 5 at 3–5; Doc. # 1 at 2. The court will address each argument in turn.

First, Defendant argues that the amount in controversy is higher than $75,000 because punitive damages are legally recoverable in this case under Alabama law, and the Complaint does not foreclose the possibility of punitive or otherwise exemplary damages. This argument does not satisfy the "legal certainty standard" because the mere possibility of a recovery of punitive damages does not establish that any recovery *must* exceed $75,000. Furthermore, the cases cited by Defendant in support of the argument are distinguishable or otherwise unhelpful because some of them involved a plaintiff who asked for an unspecified amount of damages, while others were in a different procedural posture or jurisdiction. *See Raymond v. Lane Constr. Corp.*, 527 F. Supp. 2d 156, 164 (D. Me. 2007) (defendant satisfied "legal certainty test" where plaintiff's damages demand plus anticipated attorney's fees was exactly $75,000 with more attorney's fees to accrue); *Steele v. Underwriters Adjusting Co.*, 649 F. Supp. 1414, 1416 (M.D. Ala. 1986) (plaintiff "completely failed to demand a specific monetary figure, apparently for the purpose of avoiding federal jurisdiction"); *Nelson v. G.C. Murphy Co.*, 245 F. Supp 846, 847 (N.D. Ala. 1965) (damages demands in two claims by same plaintiff aggregated to more than

6

<tt>
</tt>
<tt>
</tt>
<tt>
</tt>
<tt>
</tt>
<tt>
</tt>

amount in controversy requirement). In one cited case, the Fifth Circuit held the district court below had improperly *denied* a motion to remand. *Paxton v. Weaver*, 553 F.2d 936, 942 (5th Cir. 1977).

In particular, Defendant relies heavily on *Roe v. Michelin North America, Inc.*, 637 F. Supp. 2d 995 (M.D. Ala. 2009), but that case involved a complaint where damages were not specified by the plaintiff and the applicable legal threshold was the preponderance standard, unlike the instant case. *Id.* at 998. Despite Defendant's assertion that the "framework and principles outlined" in *Roe* support its arguments, *Roe* is inapposite because the defendant in that case faced a much lower burden than Defendant faces here.

Second, Defendant's argument that it has satisfied its burden because Plaintiffs have not filed additional affidavits swearing as to the amount in controversy is unpersuasive. The defendant in *Burns* also highlighted "plaintiff's refusal to sign a stipulation precluding her from ever amending her claim to seek damages over" the jurisdictional threshold. 31 F.3d at 1094. This argument was unavailing for the defendant in *Burns*, and therefore it must also be unavailing for Defendant here. *Id.* at 1094–95. The case Defendant cites to support this argument is distinguishable because the plaintiff there "did not deny that she sought damages greater than $75,000," *Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009), while here Plaintiffs have expressly limited their demand for damages.

Third, Defendant cannot overcome its heavy burden by relying on the settlement letter. In the Notice of Removal, Defendant asserts that a settlement demand letter from Plaintiffs' counsel establishes the amount in controversy is $148,000. This amount is the total of various sums[1] demanded on behalf of each individual Plaintiff, none of which exceeds $75,000.

---

[1] The sums demanded on behalf of each individual Plaintiff are: $40,000 (two Plaintiffs), $8,000, $10,000, and $50,000.  Doc. # 1 Ex. 2 at 1.

Generally the claims of separate plaintiffs "may not be aggregated to reach [the jurisdictional threshold]." *Shelly v. Southern Bell Tel. & Tel. Co.*, 873 F. Supp. 613, 615–16 (M.D. Ala. 1995). Defendant's Response to the Motion to Remand makes no argument to the contrary and appears to concede the applicable legal rule. *See* Doc. # 5 at 2 ("Although the plaintiffs post-suit demand letter is below . . . the aggregate amount individually, additional factors clearly establish the jurisdictional amount in controversy is satisfied in this matter."). It seems that Defendant's argument for jurisdiction is no longer based on the aggregated $148,000 in the settlement demand and instead is premised on the "additional factors" arguments described above.

In sum, in light of Plaintiffs' express limitation in their damages demands, Defendant has not met the demanding burden of showing "to a legal certainty" that any recovery in this case must exceed $75,000. Therefore, the court does not have proper jurisdiction over this case.

## V. CONCLUSION

For the stated reasons, it is hereby ORDERED as follows:

(1) Plaintiffs' Motion to Remand (Doc. # 3) is GRANTED.

(2) This case is REMANDED to the Circuit Court of Montgomery County, Alabama.

The clerk is DIRECTED to take appropriate steps to effect the remand.

DONE this 26th day of September, 2014.

    /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE